SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–392

| | | |
|---|---|---|
| DAVID G. GRAVES<br><br>APPELLANT<br><br>V.<br><br>JENNIFER A. GRAVES<br><br>APPELLEE | | **Opinion Delivered** February 3, 2016<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. DR–2012-732-4]<br><br>HONORABLE LEON N. JAMISON, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

In this divorce case, David G. Graves appeals the circuit court's division of marital property that was held in cash accounts. Appellant contends that an unequal property division resulted from the court's failure to consider that—after the parties separated but before the date of their divorce—he used assets in one account to pay the parties' income-tax liability while Jennifer A. Graves (appellee) spent monies from a separate account for her own benefit. He asks that we remand to the circuit court for consideration of these matters. We decline the request for remand, and we affirm.

The circuit court entered the decree of divorce on August 29, 2013, following a two-day trial. In a subsequent, written "Introduction, Findings of Fact, and Conclusions" entered on February 4, 2014, the court noted that at the trial's conclusion, it had requested proposed findings and argument from the parties; that the court had received final submissions on October 18, 2013; and that the case had been under advisement since then. In the February

4, 2014 entry, the court found that eight financial accounts were marital property and that the accounts had not been given valuations at the time the divorce decree was entered. It ordered the parties to exchange documents on February 21, 2014, showing "values of the marital accounts as of the entry of the divorce decree," and to provide documentation of "funds spent from these accounts on personal expenses and taxes from February 2012 to February 4, 2014." The court expressed its intent to divide the accounts equally and equitably.

In a supplemental decree entered on January 5, 2015, the court ordered that the accounts "be divided equally and valued as of the date of the divorce." On January 15, 2015, appellant filed a motion for reconsideration and to correct or amend the supplemental decree. The motion set forth appellant's belief that it was the court's intent on February 4, 2014 "to take into account the taxes paid by the parties." He noted that he had paid over $100,000 for income taxes from marital assets in his possession prior to entry of the divorce decree. He asserted that the court had made an unequal distribution of cash assets, and he requested the court to reconsider and to take into account an equitable division. His motion was deemed denied when no ruling was made within thirty days. Ark. R. App. P.–Civ. 4(b)(1). On February 4, 2015, appellant filed his appeal from the January 5, 2015 supplemental decree and from the February 4, 2014 findings of fact and conclusions of law.[1]

---

[1] The circuit court noted in an amended supplemental decree of April 2, 2015, that it had conducted a hearing on appellant's motion and on a motion by appellee to correct or amend the supplemental decree. The court denied appellant's motion for reconsideration and to correct or amend the supplemental decree in regard to the parties' tax considerations, specifically noting that it had lost jurisdiction of the motion to reconsider on February 15,

Appellant points to the parties' testimony that—after separation but before the date of divorce—he held possession of $175,000 in a bank account and paid a $110,000 tax liability related to it, while appellee spent approximately $100,000 on items such as automobiles and furniture from an account in her possession that had no tax liability. He asserts that appellee thus received a $100,000 benefit of marital cash assets while he had to use $110,000 of their assets for taxes. He argues that the court made an unequal division of the marital property by dividing the accounts in half and that, because the court did not specify its reasons for the unequal division, it failed to appropriately apply the law. *See* Ark. Code Ann. § 9-12-315(a)(1)(B) (Repl. 2015) (requiring the circuit court, if it deems that distributing marital property half to each party is an inequitable division, to recite its basis and reasons for not dividing the property equally); *see also* Ark. Code Ann. § 9-12-315(a)(1)(A) (including federal income-tax consequences among the factors a court must consider in making some other division that the court deems equitable). Appellant concludes that, in valuing these cash accounts as of the date of the divorce decree and by allocating the entire tax debt to him, the court failed to consider the considerable sums of marital property that appellee had disposed of.

When an appellant fails to obtain a specific ruling below, we do not consider that point on appeal. *Eversole v. Eversole*, 2015 Ark. App. 645, at 10–11, ___ S.W.3d ___, ___. Here, appellant asked at trial that the income-tax liability be divided jointly with appellee.

2015. Appellant acknowledges that his appeal does not lie from the amended supplemental decree.

Although he may have also argued initially for an equal division of the tax liability incurred during separation but prior to divorce, neither the February 2014 findings of fact nor the January 2015 supplemental decree contained a specific ruling on this issue. To the extent that appellant's motion for reconsideration may have preserved this issue by requesting further findings, he did not amend his notice of appeal after the motion was deemed denied. Because the circuit court did not rule on a division of income-tax liability, and because appellant did not appeal the denial of his motion for reconsideration, there is nothing for us to review.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellant.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster* and *Lori D. Howard*, for appellee.

4